IN UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | No. | 25-mj-1368 (MDTN) |
| | ) | | 25-mj-2079 (WDMO) |
| | ) | | JUDGE HOLMES |
| KENNETH BRANSCUM | ) | | |

**UNITED STATES' MOTION FOR DETENTION HEARING
AND FOR DETENTION OF THE DEFENDANT**

COMES NOW the United States of America by Robert E. McGuire, Acting United States Attorney, and Rachel M. Stephens, Assistant United States Attorney, and moves this Court for a detention hearing and for detention of the Defendant in this matter. Federal law holds that "the judicial officer shall hold a hearing to determine whether any conditions or combination of conditions…will reasonably assure…the safety of any other person and the community – upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves…a serious risk that the person will flee; or a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective juror or witness." 18 U.S.C. § 3142(f)(2)(A) & (B).

Additionally, investigators in the Western District of Missouri, where the case originated, have information that the defendant is currently appears to be transient and has been in multiple states across the country in recent weeks and months, therefore he presents a risk of flight from the district where his charges are pending.

The Affidavit in support of the Criminal Complaint in this case details how the defendant made multiple threats to V1, to kidnap or kill V1, who the defendant blames for actions taken in a custody matter. His own tip to the FBI contains admissions that he has threatened to kill and kidnap "cops." Now that the

Defendant has been criminally charged, there is a serious risk that he will continue or escalate his threatening behavior.

The Government submits that it is reasonable for the court to take testimony on this issue to determine if the Government is entitled to a detention hearing and whether the Defendant should be detained. This procedure is appropriate and will provide the Court with the best evidence to determine how to proceed on the issue of detention going forward under 18 U.S.C. § 3142. *See. United States v. White,* Case No. 3:21-mj-04070 (Doc. No. 65, PageID #:278) (M.D. Tenn. May 27, 2021.) ("Ultimately, the Court cannot conclude that the Government should be deprived of the opportunity to establish, at the detention hearing itself, satisfaction of one of the two required steps for obtaining the detention order it seeks. This means, in this case, that the Court will do what the court did in, for example, *Mendoza-Balleza*: examine whether the evidence introduced at (or before) the detention hearing shows that the Government has met its burden of satisfying step one by showing by a preponderance a serious risk of flight.") (citing *United States v. Mendoza-Belleza*, 420 F.Supp. 3d 716 (E.D. Tenn 2019).

The United States respectfully requests a continuance of three business days in order to adequately prepare for the hearing in this matter.

> Respectfully submitted,
>
> ROBERT E. McGUIRE
> Acting United States Attorney
>
> By:
>
> /s/ Rachel M. Stephens
> RACHEL M. STEPHENS
> Assistant United States Attorney
> 719 Church Street, Suite 3300
> Nashville, Tennessee 37203
> Rachel.Stephens2@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that the foregoing was filed with the U.S. District Court, vis CM/ECF, on the 5th day of September, 2025. A copy was sent to Mary-Kathryn Harcombe, attorney for the defendant, contemporaneously with the filing of the document.

*/s/ Rachel M. Stephens*
RACHEL M. STEPHENS